UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Esther E. Avila,                :
    Plaintiff,              :
                                :
    v.                      :    File No. 1:09-CV-225
                                :
Michael Gamache, Mary           :
Liberty,                        :
    Defendants.             :

OPINION AND ORDER
(Paper 1)

Plaintiff Esther Avila, proceeding *pro se*, seeks to file a complaint against her potential landlords for alleged violations of the Americans with Disabilities Act ("ADA"). Pending before the Court is Ms. Avila's motion to proceed *in forma pauperis*. Because Ms. Avila has made the required showing under 28 U.S.C. § 1915(a), the motion is GRANTED. After reviewing the claims in the complaint, however, and for reasons set forth more fully below, the Court finds that the case must be DISMISSED.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. § 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B). Also, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999).

Ms. Avila claims that defendants Michael Gamache and Mary Liberty are owners of an apartment in Middlebury, Vermont. In August 2009, Ms. Avila contacted the defendants about renting the apartment, at which time defendant Liberty advised her that renovation work was being performed and would be completed in September 2009. Liberty subsequently revised her estimate to the end of October, and then to the first week of November. When Ms. Avila informed Liberty that she could no longer stay in her current apartment, Liberty agreed to let her move into the Middlebury apartment on November 1, 2009, even if the renovation work was not finished.

On October 3, 2009, Ms. Avila mentioned to Liberty that her niece, Amy Avila, would be living with her "for an extended period of time." (Paper 1-3 at 3). Ms. Avila describes herself as disabled, and identifies her niece as her "essential person." After hearing that a second person would be staying in the apartment, Liberty allegedly "became extremely offended because I did not ask her permission." Id. Ms. Avila alleges that to deny her niece accommodations "would

2

be akin to denying a blind person her seeing eye dog," and would violate the ADA.

For relief, Ms. Avila asks the Court to order Liberty and Gamache to "comply with specific performance and cordially allow Ms. Avila and her niece to take possession" of the apartment.  If the landlords refuse, she asks that they be required to cover her hotel expenses while she looks for alternative housing.  Even if the landlords do not refuse, she requests damages in the amount of $650 "at the minimum for the anguish and mental and emotional distress they have caused Ms. Avila with their shenanigans so to speak."  Id. at 4.

As to this Court's subject matter jurisdiction, Ms. Avila asserts both diversity and federal question jurisdiction. Diversity jurisdiction requires that the plaintiff and defendants be citizens of different states, and that the amount in controversy exceed $75,000.  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing § 1332(a)).  Here, Ms. Avila lists herself as a resident of Middlebury, Vermont, and the defendants as residents of either Middlebury or Bridport, Vermont.  Moreover, she makes no showing that the amount in controversy exceeds the jurisdictional amount, instead alleging that damages of $650 might be appropriate. Accordingly, the Court finds that the plaintiff has failed to assert diversity jurisdiction.

Federal question jurisdiction is governed by 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id. Although Ms. Avila alleges a claim under a federal statute – the ADA – her claim is misplaced. "[T]he legislative history of the ADA indicates that residential apartment buildings are not places of public accommodation." Torrence v. Advanced Home Care, Inc., 2009 WL 1444448, at *5 (N.D. Ill. May 21, 2009) (citing H.R.Rep. No. 101-485(II), at 100 (1990)); see also Lancaster v. Phillips Investments, LLC, 482 F. Supp. 2d 1362, 1366 (M.D. Ala. 2007); Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993). Consequently, Ms. Avila has not alleged a "colorable" federal claim, and has thus failed to invoke federal question jurisdiction under § 1331.

For the reasons set forth above, the plaintiff's motion for leave to proceed *in forma pauperis* (Paper 1) is GRANTED, but this case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Leave to amend will not be granted, as any effort to amend these claims would be futile. See Hom Sui Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of October, 2009.

```
                              /s/ J. Garvan Murtha
                              Honorable J. Garvan Murtha
                              Senior United States District Judge
```